T. E. BURKS v. THE STATE.

No. 14102. Delivered March 25, 1931.

The opinion states the case.

*Martin, Shipman & Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cotton; the punishment, a fine of fifty dollars and confinement in jail for thirty days.

N. O. Holland lost 200 pounds of cotton from his wagon, which was in his field. An investigation disclosed cotton on the ground around the wagon and the tracks of two men. The loss occurred September 21, 1929. On the same date appellant sold 100 pounds of seed cotton to the Farmers Gin in Abilene, receiving a check payable to himself in the sum of $8.07. Albert Magill, an accomplice witness, testified that he and appellant went to Mr. Holland's field in his (Magill's) car at night and took about 190 pounds of cotton from the wagon. He testified further that they sold the cotton to the Farmers Gin in Abilene; that appellant received a check therefor, which was later cashed and the proceeds divided between the parties. The purchaser of the cotton did not attempt to testify that appellant and the accomplice came to his gin and sold him cotton. He merely testified that the check presented to him represented the amount paid by him for 190 pounds of cotton on the date disclosed by the check. There were some automobile tracks in the vicinity of the cotton wagon, but the officers were unable to follow the tracks. They testified that one of the tracks was made by a badly worn casing. The State made no effort to show that the car driven by the accomplice on the occasion of the theft would make tracks similar to those found in the vicinity of the cotton wagon. No witness testified to having seen appellant and the accomplice together near Holland's premises; nor did any witness testify that he saw the parties together at the gin when the cotton was sold. There was nothing to show what kind of cotton Holland lost. Appellant described the cotton he sold to the gin as "Boleys". He said: " 'Boleys' are a poor grade of cotton." Appellant denied that he had engaged in stealing cotton with the accomplice witness, and testified that the cotton he sold the gin belonged to him. He said that he had raised it on his place. He denied going to the Farmers Gin with the accomplice witness.

It is the contention that the accomplice witness was not sufficiently corroborated. The State's attorney before this court expresses the opinion

**550**

that the evidence is insufficient. The opinion is expressed that the contention must be sustained. The corroboration merely shows the commission of the offense. A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the accused with the offense committed. The corroboration is not sufficient if it merely shows the commission of the offense. Article 718, C. C. P.; Timmons v. State, 115 Texas Crim. Rep., 183, 29 S. W. (2d) 770.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.